JOSEPH F. HARWOOD, Respondent, v. ALBERT S. W. KNAPPER, Appellant.

1. *Bills and notes — Contract — Consideration — Corrupt agreement no consideration for note — Trusts.* — A. being in embarrassed circumstances, under an agreement with his creditors, surrendered to B., who represented them, his whole stock of goods. B. then made an agreement with C., whereby C. was to take them and dispose of them and share the profits with B. For the declared purpose of leading the creditors to believe that the goods had been sold absolutely to C., and had only realized $900, when in fact they were worth much more, B. induced C. to execute a note to him for $900, which he promised to return when he had shown it to the creditors, but in fact retained the note, and brought suit against C. thereon. *Held*, that the arrangement between B. and C. amounted to a corrupt bargain to defraud the creditors of their just rights, and that the maxim *potior est conditio defendentis* applies, and that defendant was not bound to execute the corrupt bargain by payment of the note.

Harwood v. Knapper.

*Appeal from Cameron Court of Common Pleas.*

*Wm. Henry, Jr.*, for appellant.

*Harwood & Chalker*, for respondent.

ADAMS, Judge, delivered the opinion of the court.

This was a suit on a promissory note for $900. The defendant answered, admitting the execution of the note, but set up that it was without any consideration whatever, and detailed the facts and circumstances under which the note was given, which were substantially as follows: One Andrew J. Otterman was a dry goods merchant and was indebted to several parties, who commenced attachment suits against him and levied upon his goods, and afterwards some of the creditors instituted proceedings in bankruptcy against him ; and thereupon a compromise was made between Otterman and his creditors, whereby Otterman surrendered to the plaintiff, to be held by plaintiff as trustee, all of his aforesaid goods. The plaintiff was an attorney representing said creditors, and thereupon made an agreement with the defendant that the latter should take the goods and sell and dispose of them at the best price he could, and they would be partners in the profits arising from the sale. Plaintiff represented to the defendant that he was authorized to dispose of or sell the goods in such manner or for such sum as he thought proper and just. It appeared from the answer that Otterman was interested in the amount of the goods, which was to be determined by an inventory thereof, and Otterman was to pay fifty per cent. on the dollar to his creditors, whether realized from the goods or not; that an inventory was accordingly made, and amounted to $1,000 worth of goods, and it was agreed between plaintiff, defendant and Otterman, that Otterman should have credit for that amount; and the goods were then put in defendant's possession, under his agreement with plaintiff, and afterwards the plaintiff represented to defendant that he wanted to inform the creditors that Otterman had sold the goods, and to this end he asked the defendant to execute the note in suit to be shown to the creditors, and then returned to defendant, and it was not to be used for any other purpose.

Colhoun et al. v. Crawford et al.

This case was called for trial at the return term, and the defendant applied for a continuance on account of an absent witness whose testimony he had been unable to procure. It was admitted that the affidavit for a continuance made out a good cause, but the court overruled the motion on the ground that the answer set up no defense.

In my judgment the answer sets up a complete and total want of consideration. The pretended sale of the goods was a mere 'sham entered into between the plaintiff and defendant, in order to blind the eyes of creditors to whom the goods really belonged, and to share the profits on a re-sale of the goods. It amounted to a corrupt bargain to defraud the creditors out of their just rights; and had the defendant paid the money instead of giving his note, he could not have recovered it back. The maxim *potior est conditio defendentis* applies with peculiar force to this case.

The defendant is not bound to execute this corrupt bargain by the payment of this note. There is no outside consideration to support it. The court erred, therefore, in overruling his motion for a continuance, and the judgment must be reversed and the cause remanded. The other judges concur.